UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO._____

SCOTT MERRITT,

        Plaintiff,

vs.

AUE STAFFING INC.,
a Florida corporation, and CHARLES
HALL, individually,

        Defendants.

_____/

## **COMPLAINT**

      Plaintiff, SCOTT MERRITT, by and through undersigned counsel, sues the Defendants,

AUE STAFFING INC., (hereinafter, "Company"), and CHARLES HALL, individually, (hereinafter,

collectively referred to as "Defendants") and alleges as follows:

      1.      Plaintiff, a former employee of the Defendants, brings this action to recover

compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29

U.S.C. § 201 et seq.

      2.      Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

      3.      The unlawful employment practices alleged herein occurred and/or were committed

within this judicial district.

      4.      At all times material hereto, Plaintiff is/was a resident of this judicial district, an

employee of the Defendants, sui juris and otherwise within the jurisdiction of this Court.

5.      At all times material hereto, Defendant, Company, was the employer or former employer of the Plaintiff and is conducting business in this judicial district and is otherwise an 'employer' under the FLSA.

6.      That at all times material hereto, Defendant, CHARLES HALL, individually, acted directly in the interests of his employer, the Defendant, Company, in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, Company, and is otherwise an 'employer' under the FLSA.

7.      At all times material hereto, Defendants were and continue to be an 'enterprise engaged in commerce' within the meaning of the FLSA.

8.      That at all times material hereto, Plaintiff was 'engaged in commerce' within the meaning of the FLSA.

9.      Defendants have been at all times material engaged in interstate commerce, and Defendants' annual gross revenues derived from this interstate commerce, upon information and belief, are in excess of $500,000.00 for the relevant time period.

10.      The Plaintiff was hired as a non-exempt employee by the Defendants.

11.      During his employment, the Defendants however had Plaintiff, a non-exempt employee under the FLSA, work in excess of forty (40) hours per work week, but willfully refused to properly compensate Plaintiff for such work in violation of the FLSA.

12.      Specifically, Plaintiff would work from 10 pm-6:30 am, six days per week from October of 2018 to February 22, 2019.

13.      However, Plaintiff would not be paid for anything over 40 hours.

14.     Using 50 hours per week as an average, and taking his overtime rate of $15.00 per hour, this totals $150.00 per week owed.

15.     Over 19 weeks, Plaintiff is owed $2,850.00.

## COUNT I
## FLSA - COMPANY

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 15 above.

16.     Plaintiff is entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

17.     By reason of the intentional, willful and unlawful acts of the Defendant, Company in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, Company for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA–CHARLES HALL

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 15 of this Complaint.

18.     Plaintiff is entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

19.     By reason of the intentional, willful and unlawful acts of the Defendant, CHARLES HALL in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, CHARLES HALL for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts.

Dated: December 13, 2019.                    Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida  33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
chad@levylevylaw.com
Secondary: assistant@levylevylaw.com
F.B.N.: 0851701
DAVID M. COZAD, ESQ.
david@levylevylaw.com
F.B.N.: 333920