UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SCOTT MERRITT,

    Plaintiff,

v.                                    Case No:   6:19-cv-2352-Orl-28GJK

AUE STAFFING INC. and CHARLES HALL,

    Defendants.

## ORDER

Pending before the Court is Plaintiff's Unopposed Motion for Telephonic Settlement Meeting (Doc. 17). The motion is insufficient because it does not include a memorandum of law in violation of Local Rule 3.01(a).

The Scheduling Order requires counsel for the parties to meet in-person, no later than April 28, 2020, in a good faith effort to settle this controversy (Doc. 15, ¶ 4). Because the parties' lawyers are located in Tampa and Sunrise, they seek leave to hold this meeting telephonically. The relief sought requires modification of the Scheduling Order.

The Scheduling Order can only be modified "upon a showing of good cause." FED. R. CIV. P. 16(b). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting FED. R. CIV. P. 16 advisory committee note). "'If [a] party was not diligent, the [good cause] inquiry should end.'" Id. (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

Plaintiff has failed to show why, despite the parties' diligence, counsel cannot meet in-person. Accordingly, and because the motion violates Local Rule 3.01(a), it is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on March 3, 2020.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties