UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SCOTT MERRITT,

    Plaintiff,

v.                                                      Case No.  6:19-cv-02352-JA-GJK

AUE STAFFING INC., a Florida corporation
and CHARLES HALL, individually,

    Defendants.
_____/

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made between Plaintiff Scott Merritt ("Merritt" or "Plaintiff") and Defendants AUE Staffing, Inc. ("AUE") and Charles Hall ("Hall") (collectively, "Defendants").  Plaintiff and Defendants are referred to collectively herein as "the Parties."  The Parties hereby agree as follows:

1.    **Claims.**  Plaintiff filed a Complaint in the United States District Court for the Middle District of Florida, Orlando Division, Case No. 6:19-cv-02352-JA-GJK, alleging unpaid wages under the Fair Labor Standards Act ("FLSA").  The Parties disagree as to whether or not Plaintiff has any viable claim.  However, the Parties desire to fully and finally resolve this litigation.

2.    **No Admission of Liability.**  This Agreement does not constitute an admission by Defendants of violation of any law or statute and the Parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purpose as evidence or admission of liability or wrongful conduct of any kind by Defendants.

3.    **Monetary Consideration**.  As resolution to this matter, Defendants have agreed to pay Plaintiff within 14 days of the latest of: (1) Defendants' receipt of W-9's executed by Plaintiff and his attorney; (2) this agreement executed by Plaintiff and delivered to Defendants; and (3) Court's approval of this Agreement:

    (a) One settlement check in the gross amount of EIGHTY DOLLARS AND NO CENTS ($80.00) made payable to Plaintiff for alleged unpaid wages, minus applicable withholdings;

    (b) One settlement check in the gross amount of EIGHTY DOLLARS AND NO CENTS ($80.00) made payable to Plaintiff for liquidated damages, with no withholdings;

# EXHIBIT A

(e) One check in the amount of TWO THOUSAND SEVEN HUNDRED AND FIFTY NINE DOLLARS AND FIFTY CENTS ($2,759.50) made payable to The Law Offices of Levy & Levy, P.A. for attorney's fees and costs. The Parties agree that the portion of the settlement sum attributable to attorney's fees and costs was negotiated separately from and without regard to the amounts Plaintiffs sought for unpaid wages.

By accepting the above-referenced sums, Plaintiff acknowledges and agree that he has now been paid for all hours worked and all alleged overtime hours worked during his employment with AUE and agree that Defendants do not owe him any other monies with regard to compensation associated with hours worked or for any other reason. Plaintiff further acknowledges and agrees that he has been paid all wages (including overtime compensation) due to him from Defendants for any reason. Finally, Plaintiff specifically agrees that the above payment represents full compensation for the FLSA claims asserted in his lawsuit and any claim Plaintiff may have had under the FLSA is now moot.

4. **Waiver and Release of FLSA Claims**. Plaintiff hereby releases, on his own behalf and on behalf of anyone who could claim by or through him, Defendants, of and from, any and all claims under the FLSA or any other wage-related statute arising out of Plaintiff's employment with Defendants.

5. **Settlement Approval and Dismissal.** The Parties will request that the Court review and approve this Agreement and that the Court dismiss with prejudice the above-styled lawsuit, presently pending in the United States District Court for the Middle District of Florida, upon the effective date of this Agreement. If the Court rejects this Agreement, the parties shall diligently work together to draft an Agreement that is approved by the Court. In the event the above-numbered and entitled lawsuit is not dismissed with prejudice after the parties have reasonably exhausted efforts to seek Court approval, this Agreement shall become null and void and Defendants shall be entitled to return by Plaintiff of any and all sums paid by Defendants hereunder.

6. **Tax Payment.** Plaintiff and his counsel shall pay any and all taxes that may be due as a result of the settlement payment(s). Plaintiff agrees and affirms that he is not relying on any representation made by Defendants concerning whether or not the payment(s) is taxable as wages, as income, or otherwise, or concerning the amount of taxes that he may be required to pay as a result of the payment(s). Plaintiff agrees that he will not be entitled to any additional consideration under this Agreement as a result of any assessment of, or liability for, taxes as a result of the payment(s). Moreover, Plaintiff agrees to indemnify Defendants and hold them harmless from any interest, taxes or penalties assessed against it by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiff under the terms of this Agreement. This section does not modify Defendants' responsibility with respect to legally required wage withholdings, including those identified in Paragraph No. 3.

7. **Transfer of Claims**. Plaintiff represents and warrant that Plaintiff has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any released claim. Plaintiff agrees to indemnify and hold Defendants harmless against, without any limitation, any and all rights, claims, warranties,

demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees), causes of action or judgments based on or arising out of any such assignment or transfer. Plaintiff further warrants that there is nothing that would prohibit Plaintiff from entering into this Agreement.

8. **Binding Effect.** This Agreement is to be construed and governed under the laws of the State of Florida and shall bind the Parties and their respective heirs, estates, successors and assigns. If the Court in the above-styled lawsuit fails to approve the Agreement, Plaintiff agrees to expeditiously work with Defendants on drafting an agreement acceptable to both parties and the Court.

9. **Consideration and Acceptance of Agreement.** Plaintiff acknowledges that he has read the entire Agreement and specifically acknowledges the following: Plaintiff understands the language of the Agreement, and any questions he may have had during review of the Agreement has been explained to his satisfaction and understanding. Plaintiff understands that he is not waiving any rights or claims which may arise after the date the Agreement is executed. Plaintiff has been advised and is again advised herein to consult with an attorney and/or other professional of his own choosing and have consulted with or had the opportunity to consult with legal counsel and other persons of his own choosing regarding this matter prior to the execution of the Agreement.

10. **Breach**. The parties hereto acknowledge that any breach of this Agreement shall entitle the non-breaching party not only to damages, but also to injunctive relief to enjoin the actions of the breaching party, as well as costs, including fees of its attorneys, paralegals and legal assistants. The prevailing party in any such action shall be entitled to attorneys' fees and costs.

11. **Modification of Agreement.** Any uncertainty or ambiguity shall not be construed for or against any other party based on attribution of drafting to any party. Furthermore, this Agreement shall not be subject to modification or amendment by an oral representation, or any other written statement by either party, except for a dated written amendment to the Agreement signed by Plaintiffs and Defendants prior to the Court's approval of this Agreement.

12. **Severability.** The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. If any portion of this Agreement is found invalid, the parties agree to enter into new provisions that are not invalid.

13. **Headings.** The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

14. **Jurisdiction and Venue.** The Parties hereto acknowledge that the Agreement is enforceable in the state courts of Florida. Plaintiff and Defendants hereby waive any pleas of jurisdiction or venue as not being residents of Orange County, Florida, and hereby specifically authorize any action brought upon the enforcement of the Agreement to be commenced or filed in Orange County, Florida.

I HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND FULLY UNDERSTAND AND VOLUNTARILY AGREE TO BE LEGALLY BOUND BY THIS AGREEMENT.

_____
Scott Merritt

Date: 3/26/20

_____
Charles Hall

Date: 4/8/20

AUE Staffing, Inc.

By: _____   Date: 4/8/20

Its: CEO / Job.

WSACTIVELLP:11365711.1